**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

COYOTES, LLC, et al.,

    Plaintiffs,

vs.                                               Case No. 3:10-cv-61-J-32HTS

THE FIRST GUARANTY BANK
& TRUST COMPANY OF
JACKSONVILLE, INC., et al.,

    Defendants.

## ORDER[1]

This case is before the Court on plaintiffs' Motion For A Temporary Restraining Order (Emergency) and supporting memorandum. (Docs. 2, 3.) Plaintiffs incorporate their 83-page (149 paragraph) verified complaint and exhibits. (Doc. 1.) The docket reflects that the 27 named defendants and seven (7) unnamed defendants have not yet been served with the verified complaint or with plaintiffs' motion. Plaintiffs allege violation of their civil rights and conspiracy pursuant to 42 U.S.C. § 1983, and civil theft, conspiracy, intentional infliction of emotional distress and "violation of attorney fiduciary duty" under Florida law. Plaintiffs name as defendants a bank and its officers, a development company, various attorneys, the present and former State Attorney for the Florida Fourth Judicial Circuit and an assistant state attorney, a United States Bankruptcy judge, two Florida Circuit Court judges, the Clerk

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it is intended to decide the motion addressed herein and is not intended for official publication or to serve as precedent.

of the Court for the Florida Fourth Judicial Circuit, Clay County, and various individuals as well as unnamed sheriff's deputies and court employees.

As set forth in the motion, plaintiffs' seek a ruling "stopping" a state foreclosure lawsuit and a second state court action filed by plaintiffs from proceeding to hearings on plaintiffs' opponents' motions for summary judgment, both set in state Circuit Court for February 4, 2010 at 1:00 p.m. (Doc. 2 at 1-2.) Plaintiffs state that the basis for the requested relief is "the Bank having and exercising control over the court, including control over the Clerk of Court of Clay County and the judges of the court." (Doc. 2 at 2.) Plaintiffs "seek to preserve the status quo pending the Court's hearing and consideration of the merits of Plaintiffs' request for preliminary injunctive relief." (Id. at 3.) Plaintiffs' motion (and verified complaint) is replete with unsupported and implausible accusations including that "the state court has engaged in improper threats to" plaintiffs (Doc. 2 at 3); "the control the Bank has is not just over a particular judge but over the entire court system" (id.); that the Bank has control "over the entire state court system in the Jacksonville area, including control over the judges" (id. at 5); that plaintiffs have been subjected "to a corrupted state judicial system in these state cases over the last five years" (id. at 6); and that the bank has "conspired" with "state circuit court judges and the Clerk of Court of Clay County, Florida." (Id. at 7.)

To be eligible for a temporary restraining order or preliminary injunctive relief under Rule 65, Federal Rules of Civil Procedure, a movant must establish each of the following elements: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public

interest.  See Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005); Parker v. State Bd. of Pardons and Paroles, 275 F.3d 1032, 1034-35 (11th Cir. 2001).

Plaintiffs have failed to demonstrate that there is a substantial likelihood that they will prevail on the merits.[2]  Plaintiffs' motion is devoid of any specific facts other than plaintiffs' unsupported theories of alleged conspiracy, control and bias.  For these reasons, plaintiffs motion should be denied.  See Redford v. Gwinnett County Judicial Circuit, No. 09-10807, 2009 WL 3059056, at *2-3 (11th Cir. Sept. 25, 2009)(treating "the TRO as equivalent to a preliminary injunction," plaintiff's "implausible allegations were insufficient to meet his burden of persuasion"), petition for cert. filed (U.S. Dec. 21, 2009)(No. 09-8259); see also Local Rule 4.05.

Accordingly, it is hereby

**ORDERED**:

The Motion For A Temporary Restraining Order (Emergency) (Doc. 2) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 26th day of January, 2010 at 4:30 p.m.

_____
TIMOTHY J. CORRIGAN
United States District Judge

---

[2]  Further, plaintiffs fail to show that notice to the defendants is impractical or impossible due to the threat of an immediate and irreparable injury.  See Fed. R. Civ. P. 65(b)(1)(B)(in seeking a temporary restraining order, "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required").

3

jl.
Copies to:
Counsel of Record